UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") INDIRECT PURCHASERS ANTITRUST LITIGATION | Civil Action No.: 12-169 (AET)(LHG) |
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civil Action No.: 12-711 (AET)(LHG) |
| STATE OF INDIANA, by Attorney General Greg Zoeller<br><br>v.<br><br>McWANE INC., SIGMA CORPORATION, and STAR PIPE PRODUCTS, LTD. | Civil Action No.: 12-06667 (AET)(LHG)<br><br>**CASE MANAGEMENT ORDER** |

**THIS MATTER** having come before the Court during an in-person status conference held on July 9, 2014, and counsel for Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs"), and Plaintiff State of Indiana (collectively, "Plaintiffs"), and counsel for Defendant McWane, Inc. ("McWane"), Defendant SIGMA Corporation ("SIGMA"), and Defendant Star Pipe Products, Inc. ("Star") (McWane, SIGMA, and Star are collectively referred to as the "Defendants") having been present; and Plaintiffs and Defendants having agreed to dates to address certain discovery matters; and for the reasons provided by the Court during the conference; and for good cause shown,

**IT IS** on this ___ day of July 2014,

1.     **ORDERED** that, with respect to any outstanding questions Plaintiffs and Defendants have regarding transactional discovery, the parties will comply with the following

423983.1

2

schedule:

| Event | Dates for DPPs, McWane, and Star | Dates for Sigma |
|---|---|---|
| Response to Outstanding Questions[1] | July 23, 2014 | July 28, 2014 |
| Meet and Confer on Remaining Issues Regarding the Outstanding Questions, if any | July 28, 2014 | August 4, 2014 |
| Submission of opening letter briefs to the Court on any unresolved issue | August 1, 2014 | August 6, 2014 |
| Submission of responsive letter briefs to the Court | August 12, 2014 | August 18, 2014 |
| No reply letter briefs | | |

2. **FURTHER ORDERED** that, with respect to the transaction, rebate, cost, capacity, and inventory information to be produced by McWane, (a) McWane will respond by **July 16, 2014** to Greg Arenson's July 7, 2014 email; (b) McWane will produce by **July 23, 2014** (i) rebate data for 2012 and Q1 2013 in Excel format with the same fields as the rebate data for 2005 through 2011, including, among others, fields for order number and invoice date; (ii) rebate data for Q2 2013 through Q4 2013 that approximates rebate data previously produced to the extent it exists; and (iii) Monthly Blue Books for April 2011 through December 2013.

3. **FURTHER ORDERED** that, if McWane is not able to produce the information in the same format as McWane's prior production, McWane will state in writing that it is not capable of producing the information in that format and will provide, along with its production, an explanation why the information is being produced in a different format and identify the

---

[1] The Outstanding Questions are: from DPPs to Sigma on June 11, 2014; from DPPs to Star on June 16, 2014; from DPPs to McWane on June 23, 2014; from Star to DPPs on June 24, 2014; and from Sigma to DPPs on July 1, 2014.

423983.1

person within McWane most knowledgeable on the topic of McWane's change in its system for maintaining this information.

4. **FURTHER ORDERED** that, if DPPs are not satisfied with McWane's production or issues remain concerning the transaction, rebate, cost, capacity, and inventory information produced or to be produced by McWane, DPPs and McWane are to meet and confer by **July 28, 2014**. Any remaining unresolved issues are to be presented to the Court by letter brief on **August 1, 2014** or Plaintiffs may notice a Fed. R. Civ. P. 30(b)(6) deposition.

5. **FURTHER ORDERED** with respect to DPPs' document productions, DPPs and Defendants will meet and confer on **July 16, 2014** to discuss any outstanding issues. Prior to the meet and confer, on **July 14, 2014**, Defendants will provide DPPs with an agenda identifying areas of disagreement. Any remaining unresolved issues are to be present to the Court by letter brief on **July 24, 2014**; with responses due on **August 1, 2014**. No reply letter briefs will be filed.

6. **FURTHER ORDERED** that answers to all pending interrogatories are due on **July 28, 2014**.

7. DPPs and Defendants agree that they are bound by the terms of paragraphs 1-6 of the CMO. Defendants are of the position that the IPPs and the State of Indiana are also bound by the terms of paragraphs 1-6. The IPPs and the State of Indiana contend that they are not subject to the schedules and deadlines set forth in Paragraphs 1-6. Both the IPPs and Indiana have agreed to meet and confer with Defendants in an expeditious manner so as to present any outstanding issues to the Court as soon as possible.

8. **FURTHER ORDERED** that the Court will hold an in-person conference on **August 6, 2014 at 3:30 p.m**. Counsel may participate by telephone. Counsel for the DPPs will

423983.1

provide a call-in number to all of the parties.  Prior to the **August 6, 2014** conference, the parties shall submit letter briefs to the Court addressing the scheduling issues that were not resolved at the last status conference.

       9.     **FURTHER ORDERED** that document production by the parties pursuant to Fed. R. Civ. Pro. 34 shall be completed by **August 29, 2014**.

      10.     **FURTHER ORDERED** that an in-person conference will be held on **September 4, 2014 at 10:30 a.m.**  Counsel may participate by telephone.  Counsel for the DPPs will provide a call-in number to all of the parties.

                                                                    Honorable Lois H. Goodman, U.S.M.J.

423983.1