## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711 (AET)(LHG)<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT STAR PIPE PRODUCTS, LTD. |

THIS CAUSE having come before the Court on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Star Pipe Products, Ltd. ("Star"), by Lite DePalma Greenberg, LLC, Interim Co-Liaison Counsel; Fox Rothschild LLP, Interim Co-Liaison Counsel; Kaplan Fox & Kilsheimer LLP, Interim Co-Lead Counsel; Cohen Milstein Sellers & Toll PLLC, Interim Co-Lead Counsel; and Direct Purchaser Plaintiffs having entered into a settlement agreement, dated July 2, 2015 with Star ("Settlement Agreement"); and the Court having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file:

It is on this ____ day of _____, 2015,

**ORDERED AND ADJUDGED:**

1. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement

Agreement.

## Preliminary Approval of Settlement Agreement

2.  The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

## Class Certification

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> [A]ll persons or entities in the United States that purchased DIPF directly from any Defendant at any time from January 11, 2008, through June 30, 2011. Excluded from the Settlement Class are Defendants and their parents, subsidiaries and affiliates (whether or not named as a Defendant in this Action), federal governmental entities, and instrumentalities of the federal government.

Settlement Agreement, ¶ 17.

4.  The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) members of the Settlement Class are so numerous that joinder is impracticable; (b) plaintiffs'

497048.1

2

claims present common issues and are typical of the Settlement Class; (c) plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class.  The Court further finds that representative plaintiffs' interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Kaplan, Fox & Kilsheimer, LLP and Cohen Milstein Sellers & Toll PLLC as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs City and County of Denver; Coastal Plumbing Supply Company Inc.; GCO, Inc. f/k/a Groeniger & Co.; HI Line Supply Co. Ltd.; John Hoadley & Sons, Inc.; Mountain States Supply LLC; Mountainland Supply LLC; and Public Works Supply Co., Inc. will serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

7. At a later date, Settlement Class Counsel shall submit to the Court for approval a notice plan for purposes of advising Settlement Class Members, among other things, of their right to object to the Settlement Agreement, their right to

exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

### Settlement Administration

8. To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves Garden City Group, LLC as the Claims Administrator ("Administrator") to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the Settlement Class; and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

9. The Court approves Settlement Class Counsel's designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement.

### Other Provisions

10. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of representative plaintiffs, Star, and the members of the Settlement Class.

11. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

_____
Honorable Anne E. Thompson, U.S.D.J.