# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711 (AET)(LHG) |

RECEIVED

JAN 2 8 2016

AT 8:30 _____ M
CLERK

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT WITH SIGMA CORPORATION AND ITS OWNED SUBSIDIARY SIGMA PIPING PRODUCTS CORPORATION AND ENTERING FINAL JUDGMENT

Direct Purchaser Plaintiffs ("DPPs") and Defendant SIGMA Corporation and its owned subsidiary SIGMA Piping Products Corporation (collectively, "SIGMA") entered into a Settlement Agreement to fully and finally resolve the claims of the Settlement Classes against SIGMA. On June 9, 2015, the Court entered its Order granting preliminary approval of the proposed settlement between DPPs and SIGMA ("Preliminary Approval Order"). On October 1, 2015, this Court entered an Order Authorizing Dissemination of Class Notice and Scheduling Hearing for Final Approval of Proposed Settlements (the "October 1, 2015 Order"). Among other things, the October 1, 2015 Order authorized DPPs to disseminate notice of the settlement, the fairness hearing, and related matters to the Settlement Classes. Notice was provided to the Class pursuant to the Preliminary Approval Order and the October 1, 2015 Order, with the change noted and approved herein, and notice also was

provided by SIGMA in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Court held a fairness hearing on January 28, 2016.

Having considered Plaintiffs' Motion For DPPs' Motion for Final Approval of Settlements with Defendants (i) SIGMA Corporation and its owned subsidiary SIGMA Piping Products Corporation, and (ii) Star Pipe Products, Ltd; any objections filed of record; oral argument presented at the fairness hearing; and the complete record and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action).

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the SIGMA Settlement Agreement.

3. The Preliminary Approval Order and October 1, 2015 Order outlined the form and manner by which the DPPs would provide the Settlement Classes with notice of the settlement, the fairness hearing, and related matters. Before notice was provided to the Settlement Class, one correction was made to the form of notice approved in the October 1, 2015 Order. In Question No. 12, the time period of the release in the form mistakenly referred to a release through the "execution date" rather than through the "effective date," which is the correct term of the Settlement Agreements. The notice sent to the Settlement Class correctly stated that the release

was through the "effective date." The Court acknowledges and approves this correction to the form of notice the form approved in the October 1, 2015 Order. The notice program included individual notice to members of the Settlement Classes who could be identified through reasonable effort, as well as extensive publication of a summary notice. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

4. The Court hereby approves the plan of allocation of the SIGMA Settlement Fund as described in response to Question 10 of the Class notice.

5. SIGMA has adequately complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. ¶1715.

6. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions, and with the assistance of a Court-appointed mediator.

7. Final approval of the Settlement Agreement with SIGMA is granted pursuant to Fed. R. Civ. P. 23(e), because the Settlement Agreement is "fair, reasonable and adequate" to the Settlement Classes. In reaching this conclusion, the

Court considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

8. The Preliminary Approval Order certified the following Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> (a) All persons or entities in the United States that purchased DIPF directly from any Defendant at any time from January 11, 2008, through June 30, 2011; and (b) all persons or entities in the United States that purchased Domestic DIPF directly from McWane or SIGMA at any time from September 17, 2009, through December 31, 2013. Excluded from the Settlement Classes are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this Action, federal governmental entities, and instrumentalities of the federal government.

9. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Classes and are hereby excluded from the Settlement Classes, are not bound by this Order and Final Judgment, and may not make any claim against or receive any benefit from the SIGMA Settlement, whether monetary or otherwise. Said excluded persons may not pursue any Released Claims on behalf of those who are bound by this Order and Final Judgment. Each member of the Settlement Classes not appearing in Exhibit A is bound by this Order and Final Judgment, and will remain forever bound.

10. As to SIGMA and other Releasees, any and all class action lawsuits currently pending before this Court by DPPs and members of the Settlement Class that are directly related to the subject matter of this litigation are dismissed with prejudice

4

and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs. This dismissal shall not affect, in any way, DPPs' and class members' right to pursue claims, if any, outside the scope of the Release set out in Paragraphs 29-31 of the SIGMA Settlement Agreement.

11. The Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraphs 29-31 of the Settlement Agreement against any Releasee, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located.

12. The Releasors remise, release, forever discharge, and covenant not to sue the Releasees from and for Claims as set forth in Paragraphs 29-31 of the Settlement Agreement.

13. DPPs and their directors, officers, employees, and counsel are hereby released from any claim by SIGMA and the Releasees relating to the institution or prosecution of the Action.

14. This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Settlement Classes against any non-settling Defendant or persons or entities other than the Releasees, and all rights against any non-Settling Defendant or other non-released person or entity are specifically reserved. The sales

of DIPF and Domestic DIPF to members of the Settlement Classes by SIGMA shall remain in these cases against the non-settling Defendant(s) as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entity other than the Releasees.

15. Neither the SIGMA Settlement Agreement, nor this Order and Final Judgment, nor any other papers relating to the SIGMA Settlement Agreement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a) offered or received against any Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Releasee of the truth of any fact alleged by DPPs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Releasee; or

(b) offered or received against any Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Releasee.

16. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Actions and the SIGMA Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the

Settlement Agreement.

17.   The escrow account established by the parties is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

18.   Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal forthwith as to the Releasees.

**IT IS SO ORDERED.**

Dated: January 28, 2016

HON. ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

## Exhibit A

Atlas Utility Supply Company, 2301 Carson Street, Fort Worth, Texas 76117

Atlantic Supply and Equipment Company, Inc., 505 West Georgia Road, Simpsonville, South Carolina 29680

Atlantic Supply and Equipment Company, Inc., 1628 Barton Chapel Road, Augusta, Georgia 30909

Dana Kepner Co., Inc., 700 Alcott, Denver, CO 80204, and all of it sister or subsidiary companies, divisions, and locations, as specified in the attached correspondence from Deron W. Johnson, President.

Everett J. Prescott, Inc., 32 Prescott Street, Gardiner, Maine 04345, and all of it sister companies, divisions, and locations, as specified in the attached correspondence from Peter E. Prescott, CEO.

H.R. Prescott & Sons, Inc., 165 Hartwell Street, West Boylston, Massachusetts 01583

H.R. Prescott & Sons, 55 High Street, Suite #1, North Billerica, Massachusetts 01862

Minnesota Pipe & Equipment, 5145 211th Street W, Farmington, Minnesota 55024

Minnesota Pipe & Equipment, 2913 CR 16 SW, Rochester, Minnesota 55902

Minnesota Pipe & Equipment, 935 5th Avenue SE, Minneapolis, Minnesota  55414

Putnam Pipe Corporation, 86 Elm Street, Hopkinton, Massachusetts  01748

~~Star Mechanical Supply & Star Wholesale Supply, 122 W Randall Wobbe Lane, Springdale Arkansas 72765~~

~~Star Mechanical Supply & Star Wholesale Supply, 535 N Fremont, Springfield, Missouri 65802~~

Texas Water Products Inc., 5825 East Berry Street, Fort Worth, Texas  76119



**ATLANTIC SUPPLY & EQUIPMENT CO., INC.**
505 West Georgia Road
Simpsonville, South Carolina 29680

DIPF Direct Purchaser
Antitrust Litigation
c/o GCG
P.O. Box ~~~
Dublin, OH 43017-5720

43017572020



# Atlantic Supply & Equipment Company, Inc.

505 West Georgia Road • Simpsonville, SC 29680
864-967-3033 • FAX 864-963-7314 • TF 800-922-7838

1628 Barton Chapel Road • Augusta, GA 30909
706-737-3705 • FAX 706-733-3136 • TF 888-389-4437

---

December 29, 2015

DIPF direct Purchaser Antitrust Litigation
C/O GCG
P.O. Box 10220
Dublin, OH 43017-5720

Re: Case Name – In re Ductile Iron Pipe Fittings (DIPF)
Direct Purchaser Antitrust Litigation, Civ. No. 12-711 (D.N.J.)

To Whom It May Concern:

Please use this letter as an authorization/request for Atlantic Supply and Equipment Company, Inc. to be excluded from the SIGMA Settlement, STAR Settlement, and/or both Settlements.

Atlantic Supply and Equipment orders and does business out of the following two locations:

505 West Georgia Road
Simpsonville, SC 29680
(864) 967-3033

1628 Barton Chapel Road
Augusta, GA 30909
(706) 737-3705

Feel free to contact me at any time.

Thank you for the option to exclude both our offices from these Settlements.

Sincerely,

Todd Fusco
President



DANA KEPNER COMPANY INC • 700 ALCOTT • DENVER COLORADO • 80204 • PHONE (903) 623-6161

December 29, 2015



DIPF Direct Purchaser Antitrust Litigation
c/o GCG
PO Box 10220
Dublin, OH 43017-5720

In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation, Civ. No. 12-711 (D.N.J.).

To Whom It May Concern:

Dana Kepner Co., Inc. and Western Industrial Supply LLC (a wholly owned subsidiary of Dana Kepner Co., Inc.) wishes to be excluded from the Sigma and Star settlements. The following locations would be included:

Dana Kepner Co.
700 Alcott
Denver, CO 80204

Dana Kepner Co.
1820 N South Loop Ave
Casper, WY 82601

Dana Kepner Co.
640 Aviation Way
Colorado Springs, CO 80916

Dana Kepner Co.
2484 Overland Ave
Billings, MT 59102

Dana Kepner Co.
3701 Canal Dr.
Fort Collins, CO 80524

Dana Kepner Co.
2401 S. 19th Ave
Phoenix, AZ 85009



Dana Kepner Co.
1185 W. Glenn St
Tucson, AZ 85705

Dana Kepner Co.
6723 Corsair Ave
Prescott, AZ 86301

Dana Kepner Co.
1555 Countryshire Ave
Lake Havasu City, AZ 86403

Dana Kepner Co.
1500 E. Thornton Rd
Show Low, AZ 85901

Dana Kepner Co.
180 Cassia Way, Suite 500
Henderson, NV 89014

Western Industrial Supply LLC
1220 SW 5th St
Amarillo, TX 79101

Western Industrial Supply
2406 Erskine
Lubbock, TX 79415

Western Industrial Supply
2103 W. 42nd St.
Odessa, TX 79764

Western Industrial Supply
2408 Holliday Rd.
Wichita Falls, TX 76301

Deron W. Johnson
President

Dana Kepner Co., Inc.
700 Alcott
Denver, CO 80204
(303) 623-6161



DANA KEPNER COMPANY, INC. • 700 ALCOTT • DENVER, COLORADO • 80204-4132



DIPF Direct Purchaser Antitrust Litigation
c/o GCG
PO Box 10220
Dublin, OH 43017-5720