NOT FOR PUBLICATION

RECEIVED

SEP 2 8 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711<br><br>OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court upon Defendant McWane, Inc.'s ("Defendant") motion to exclude entities that are subject to an arbitration provision with Defendant from a purported nationwide class action. (ECF No. 391). Plaintiffs City and County of Denver, Coastal Plumbing Supply Company, Inc., GCO, Inc., Hi Line Supply Co., Ltd., John Hoadley and Sons, Inc., Mountain States Supply, LLC, Mountainland Supply, LLC, Public Works Supply Co., Inc., and Superlon Plastics Co., Inc. (collectively, "Plaintiffs") oppose the motion. (ECF No. 405). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion will be denied.

## BACKGROUND

This case concerns antitrust violations allegedly committed by manufacturers and distributors of ductile iron pipe fittings ("DIPF"). Two previous defendants who allegedly

1

committed antitrust violations have settled, but Defendant remains in the case. Plaintiff John Hoadley and Sons, Inc. first sued Defendant for DIPF price-fixing on February 2, 2012, on behalf of itself and all others similarly situated. (ECF No. 1). In the following months, Defendant attended multiple court hearings and conferences. (*See, e.g.,* ECF Nos. 77, 84). On September 26, 2012, Defendant filed a motion to dismiss. (ECF No. 96). The Court denied Defendant's motion. (ECF No. 117). Defendant then filed its answer on April 22, 2013. (ECF No. 126). Defendant's answer contained nineteen affirmative defenses, but did not reference arbitration. (*Id.*).

The parties exchanged a considerable number of documents in discovery, and periodically participated in status conferences. Magistrate Judge Lois H. Goodman issued orders regarding depositions and case management over the summer of 2014. (ECF Nos. 261, 276). The parties have conducted twenty-two depositions related to this case. (ECF No. 405-1). On October 15, 2014, Magistrate Judge Goodman appointed a mediator and stayed the case. (ECF No. 311). The two other defendants in the case settled as a result of mediation. (ECF Nos. 321, 324).

The stay on the case ended almost a year later on September 14, 2015. (ECF No. 327). Magistrate Judge Goodman resumed managing the case, and issued a pretrial scheduling order on September 17, 2015. (ECF No. 330). Discovery continued, and Plaintiffs filed a motion to certify a class on May 27, 2016. (ECF No. 370). This motion is currently pending. On July 26, 2016, Defendant moved to exclude anyone in the proposed class that was subject to a binding arbitration provision with Defendant. (ECF No. 391). This motion is currently before the Court.

## DISCUSSION

Defendant moves to exclude entities that are subject to an arbitration provision from a purported nationwide class action. (ECF No. 391). Defendant seeks to exclude unnamed class members that are subject to an arbitration agreement; Defendant does not seek to exclude named Plaintiffs that are subject to an arbitration agreement. (Def.'s Reply Br. at 6, ECF No. 413). Plaintiffs argue that Defendant has waived its right to arbitrate by electing to litigate this case for multiple years. (Pl.'s Opp'n. Br. at 7, ECF No. 405). In response, Defendant argues: (1) Defendant could not have waived its right to arbitrate because the unnamed class members it seeks to exclude are not yet parties at this pre-class certification stage; and (2) even if it were possible to waive arbitration rights with respect to unnamed class members, Defendant has not, in fact, waived its right to arbitrate with respect to the unnamed class members here. (*See* Def.'s Reply Br., ECF No. 413).

### I.  Ripeness

The first issue that the Court must address is whether Defendant's motion is ripe for review. Defendant cites *In re Titanium Dioxide Antitrust Litig.,* 962 F. Supp. 2d 840 (D. Md. 2013) to argue that a defendant could not waive its arbitration rights with respect to unnamed absent class members. In that case, the Court granted Defendant's motion to compel arbitration of certain class members *after* a class had been certified and the class opt-out period had expired. Earlier in that same case, however, the Court was faced with a similar issue that this Court faced today, namely whether to grant an arbitration-related motion *before* the composition of the class and the identity of all parties to the suit were known. *In re Titanium Dioxide Antitrust Litig.*, No. CIV.A.RDB-10-0318, 2012 WL 5947283 (D. Md. Nov. 27, 2012). This Court is inclined to follow the reasoning of the earlier opinion from *In re Titanium Dioxide Antitrust Litig.*

In that case, the defendant filed a motion to amend the class definition to exclude those subject to an arbitration agreement. *Id.* at *1. The motion was filed prior to notice being issued to the class and the expiration of the opt-out period. *Id.* The Court denied the motion on the ground that the issue was not yet ripe for review. *Id.* The Court found that the issue of whether those entities subject to an arbitration provision must be excluded from the class should be deferred until the composition of the class was determined. *Id.* In particular, the Court found it appropriate to wait until it was determined if "the class contains members who agreed to a contractual provision barring them from class action litigation yet did not exclude themselves during the opt-out period." *Id.* at *3. In another case, the District Court for the Northern District of California decided to wait until after the opt-out period had expired to address comparable contractual provisions. *See In re TFT-LCD (Flat Panel) Antitrust Litig.,* 07-1827, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

Here, the Court is inclined to follow a similar approach. The issue should be addressed when all parties to the lawsuit are known and the specific arbitration agreements that Defendant wishes to enforce can be identified. It is not appropriate for the Court to exclude potential class members from this class action and deprive those individuals of their day in court prior to their being made a party in this case. Not until the expiration of the opt-out period, if a class is ever certified in this case, would all the parties be aware of the composition of the class. As a result, the Court is persuaded that the defendant's motion is not yet ripe for review.

## II. Defendant's Factual Burden

Another significant issue is whether Defendant has met its factual burden as to the existence and applicability of the arbitration agreements with respect to the unnamed Plaintiffs. "[T]he moving party has the burden of showing that the parties executed an agreement to

4

arbitrate." *James v. Glob. Tel\*Link Corp.*, No. CCV 13-4989 (WJM), 2016 WL 589676, at \*3 (D.N.J. Feb. 11, 2016). The Third Circuit has also stated that there should be an "express, unequivocal agreement" between parties before depriving a party of its day in court and ordering a party to arbitrate. *PAR-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 64 (3d Cir. 1980).

In this case, there is significant factual dispute among the parties as to the existence, application, and enforceability of the arbitration agreements at issue. For example, Plaintiffs argue that it was Defendant's practice to send invoices and order acknowledgements via email and fax which did not include Defendant's terms and conditions and accompanying arbitration agreements. (Pl.'s Opp'n. Br. at 27, ECF No. 405). Plaintiffs also argue that while Defendant has provided examples of signed contracts that include arbitration provisions, there is reason to be skeptical that such provisions were common among the unnamed class members. *Id.* at 26–27. In response, Defendant maintains that its terms (including the relevant arbitration provisions) were "widely available" and that "virtually all" of its sales were subject to its terms. (Def.'s Rep. Br. at 11, ECF No. 413). The important factual disputes that exist here as to whether the unnamed class members that Defendant seeks to exclude would even be subject to an arbitration agreement cannot be resolved by the Court at this time. This issue can be appropriately addressed when the parties to the case are known and the specific agreements can be identified. Therefore, the Court is not persuaded the Defendant has met its burden in this case at this time.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to exclude will be denied without prejudice. If a class is certified in this case, the Defendant may resubmit a motion challenging the class definition after class notice has issued and the opt-out period has expired. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 9/28/16