RECEIVED

JAN 1 0 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711 (AET)(LHG)<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT MCWANE, INC. AND ITS DIVISIONS CLOW WATER SYSTEMS CO., TYLER PIPE COMPANY, AND TYLER UNION |

THOMPSON, U.S.D.J.

THIS CAUSE having come before the Court on Direct Purchaser Plaintiffs'

Motion for Preliminary Approval of Settlement with Defendant McWane, Inc. and

its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union

(collectively, "McWane"), by Lite DePalma Greenberg, LLC, Interim Co-Liaison

Counsel; Fox Rothschild LLP, Interim Co-Liaison Counsel; Kaplan Fox &

Kilsheimer LLP, Interim Co-Lead Counsel; and Cohen Milstein Sellers & Toll

PLLC, Interim Co-Lead Counsel; and Direct Purchaser Plaintiffs having entered into

30146390

1

a settlement agreement, dated October 26, 2017, with McWane ("Settlement Agreement"); and the Court having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file:

It is on this 10ᵗʰ day of January, 2018, **ORDERED AND ADJUDGED:**

1.     Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

2.     The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

Class Certification

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following classes for settlement purposes (the "Settlement Classes"):

      a. The Price-Fixing Class:  All persons or entities in the United States that purchased Open-Spec DIPF directly from any Defendant at any time

from January 11, 2008, through September 21, 2009.

    b.   The Monopolization Class: All persons or entities in the United States that purchased Domestic DIPF directly from McWane from September 22, 2009, through December 31, 2013.

    c.   The McWane/Sigma Conspiracy Class: All persons or entities in the United States that purchased Domestic DIPF directly from McWane or Sigma from September 22, 2009, through December 31, 2013.

Excluded from the Settlement Classes are the Known Opt-Outs, the Defendants and their parents, subsidiaries and affiliates (whether or not named as a Defendant in this Action), federal governmental entities, and instrumentalities of the federal government. "Known Opt-Outs" means the entities listed on Appendix A of this Order and the Settlement Agreement, who, as of the Execution Date, have previously agreed with McWane to either: (i) release their claims against McWane; or (ii) opt-out of any litigation or settlement class certified in the Action. Known Opt-Outs are not included in the Settlement Classes and shall not participate in the settlement.

    4.    The Court finds that the certification of the Settlement Classes is warranted in light of the Settlement Agreement because (a) members of the Settlement Classes are so numerous that joinder is impracticable; (b) plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual

issues affecting the members of the Settlement Classes. The Court further finds that representative plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5.     The Court hereby appoints Kaplan, Fox & Kilsheimer, LLP and Cohen Milstein Sellers & Toll PLLC as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.     Plaintiffs City and County of Denver; Coastal Plumbing Supply Company Inc.; GCO, Inc. f/k/a Groeniger & Co.; HI Line Supply Co. Ltd.; John Hoadley & Sons, Inc.; Mountain States Supply LLC; Mountainland Supply LLC; and Public Works Supply Co., Inc. will serve as Class Representatives on behalf of the Settlement Classes.

<u>Notice to Potential Class Members</u>

7.     Within 30 days after the date of the entry of this Order, Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 1, to begin to be mailed by first class, postage prepaid, to each potential member whose address has been obtained from any present or former defendant (the "Notice Date"). A copy of a claim form, substantially in the form attached hereto as Exhibit 2, will be included.

8.     As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit 3. The Publication Notice shall be published one time in the *Wall Street Journal*.

9.     On or before the Notice Date, Settlement Class Counsel shall cause the Notice to be published on the following website: www.DIPFDirectSettlement.com.

10.     Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 1 through 3 of this Order.

11.     As described in the Notice of Proposed Class Action Settlement, any member of the Settlement Classes may opt out of the McWane Settlement by notifying the Administrator at the address provided.  A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than 60 days after the Notice Date to the address of the Administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and all addresses (including any addresses that have received shipments of DIPF from defendants) you or your business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the class; (c) the name of the Action ("*In re Ductile Iron Pipe Fittings ("DIPF") Direct*

*Purchaser Antitrust Litigation,* Civ. No. 12-711 (D.N.J.)"); and (d) a statement indicating that you want to be excluded from the McWane Settlement.

12.     The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court.  Persons or entities that request exclusion from the Settlement shall not be entitled to share the benefits of that Settlement, nor be bound by any judgment, whether favorable or adverse.

### The Fairness Hearing

13.     A Fairness Hearing is hereby scheduled to be held on 5/10/18 at 10:00 AM before the undersigned at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, to consider the fairness, reasonableness and adequacy of the McWane Settlement, and the request for attorneys' fees, litigation expenses, and incentive awards.

14.     All papers in support of final approval of the McWane Settlement and the request for litigation expenses, attorneys' fees, and incentive awards shall be filed thirty (30) days before the Fairness Hearing.

15.     Any member of the Settlement Classes that has not provided notification of its intent to opt out of the McWane Settlement in the manner set forth above may appear or object or both to the fairness, reasonableness, and adequacy of the Settlement Agreement or in opposition to the request for attorneys' fees,

litigation expenses, and incentive awards; provided, however, that no person shall be heard in opposition to or support of the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, twenty (20) days or more before the Fairness Hearing, such person (a) files with the Clerk of the Court a signed statement that indicates such person's position, and its basis, with regard to the Settlement and includes proof of membership in the relevant Settlement Class; and (b) serves copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for the relevant Settling Defendant(s).

16.    The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted at the Court and on the Court's website.

Settlement Administration

17.    To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves Garden City Group, LLC as the Claims Administrator ("Administrator") to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the

Settlement Classes; and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

18.    The Court approves Settlement Class Counsel's designation of Citibank, N.A. as Escrow Agent.

Other Provisions

19.    In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of representative plaintiffs, McWane, and the members of the Settlement Classes.

_Anne E Thompson_
Honorable Anne E. Thompson, U.S.D.J.

**Appendix A**

Known Opt-Outs, Inclusive of Their Subsidiaries, Divisions, and Affiliates:

1. A & B Pipe & Supply Inc.
2. Act Pipe & Supply, Inc.
3. Aguaworks Pipe & Supply LLC
4. Atlas Utility Supply Company
5. Baker Utility Supply Corp.
6. Blair Supply Corp.
7. Brent Material Company
8. C&B Piping, Inc.
9. Cl Thornburg Co., Inc.
10. Consolidated Pipe & Supply Co., Inc.
11. Consolidated Supply Co.
12. Corix Water Products (Us) Inc.
13. Custom Fab, Inc.
14. Dana Kepner Company, Inc.
15. EJ USA, Inc.
16. Everett J. Prescott, Inc.
17. Etna Supply
18. Ferguson Enterprises, Inc.
19. First Supply LLC
20. Fortiline Water Works
21. G&C Supply Co., Inc.
22. Hayes Pipe Supply, Inc.
23. H.D. Fowler Company, Inc.
24. H.D. Supply Waterworks, Ltd.
25. Illinois Meter, Inc.
26. Isi Hawaii Water Solutions
27. J&R Supply Inc.
28. Kendall Supply, Inc.
29. LB Water Inc.
30. Mid American Water
31. Midwest Municipal Supply, Inc.
32. Minnesota Pipe & Equipment
33. Municipal Supply
34. National Road Utility Supply, Inc.
35. Northwest Pipe Montana
36. Pace Supply Corp.
37. Pioneer Supply
38. Pipelines Inc.
39. R&B Company
40. Southern Utility Supply
41. T. Mina Supply, Inc.
42. Texas Water Products, Inc.
43. Trumbull Industries, Inc.
44. Underground Pipe & Valve Co.
45. United States Pipe and Foundry Company
46. USP Holdings, Inc.
47. Us Pipe Fabrication, LLC
48. Utility Equipment Company
49. Utility Pipe Sales Co., Inc.
50. Viking Supply
51. Western Water Works Supply Company
52. Winwholesale Inc.
53. Zimmer & Francescon Inc.

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT          Civ. No. 12-711 (AET)(LHG)
PURCHASER ANTITRUST LITIGATION

### If You Directly Purchased Ductile Iron Pipe Fittings between
### January 11, 2008, and December 31, 2013, You Could Be
### Affected by Proposed Class Action Settlement

*A federal court authorized this Notice. This is not a solicitation from a lawyer or a claims filing service.*

There is a Proposed Settlement, in a class action lawsuit called *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, which is pending in the United States District Court for the District of New Jersey.

- Under the **McWane Settlement**, McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (collectively, "McWane" or "Settling Defendant") have agreed to pay $8,787,500. McWane has asserted a number of defenses to plaintiffs' claims and denies all wrongdoing, but has settled to avoid the cost and risk of a trial.

- This Proposed Settlement pertains to a class action lawsuit brought on behalf of *direct* purchasers. There are two other lawsuits that are also pending in the same Court, one brought on behalf *of indirect* purchasers, and the other brought by the State of Indiana. This Proposed Settlement applies only to *direct* purchases of DIPF, and thus are separate from any settlements reached in either of the other lawsuits.

- "Ductile Iron Pipe Fittings" or "DIPF," as those terms are used in this settlement, are items used to join ductile iron pipes, valves, and hydrants within water systems as well as to change, divide, or direct the flow of water. "Domestic DIPF," as that term is used in this settlement, means DIPF that is produced in the United States for domestic-only specifications. "Open-Spec DIPF" means DIPF that is sold for use in waterworks projects without domestic-only specifications.

- The McWane settlement is in addition to two earlier settlements with former defendants SIGMA Corporation and its subsidiary SIGMA Piping Products Corporation (together, "SIGMA") and Star Pipe Products, Ltd. ("Star"), as described in an earlier notice. SIGMA, Star, and McWane are collectively referred to as "defendants."

- Plaintiffs claim that, from at least as early as January 11, 2008, through at least as late as September 21, 2009, defendants engaged in a conspiracy to fix prices for Open-Spec DIPF in the United States in violation of the antitrust laws. Plaintiffs also claim that, from at least as early as September 22, 2009, through December 31, 2013, defendant McWane illegally monopolized, and defendants SIGMA and McWane conspired to restrain trade in and monopolize, the market for Domestic DIPF in the United States in violation of the antitrust laws. Plaintiffs allege that, as a result of defendants' anticompetitive conduct, plaintiffs and members of the settlement classes paid more for DIPF and Domestic DIPF than they otherwise would have paid absent the anticompetitive conduct. McWane denies all of plaintiffs' claims and has asserted various defenses. The Court has not made any decision as to the merits of the plaintiffs' allegations.

- Approval of the proposed settlement by the Court will resolve this lawsuit.

- **Your legal rights will be affected whether or not you act.** This Notice includes information on the lawsuit and regarding the McWane Settlement. Please read the entire Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE** |
| **DO NOTHING** | You do not have to take any action to remain part of the Settlement Classes. (See Question 22) | |
| **SUBMIT A CLAIM FORM** | If you wish to make a claim against the settlement funds, you will need to file a Claim Form in order to receive money from the settlement. (See Question 9) | Postmarked by _____ |
| **GO TO THE COURT'S HEARING** | Ask the Court for permission to speak about the fairness of the McWane Settlement, the Plan of Allocation, or the Request for Attorneys Fees and Expenses. (See Question 21) | _____ at 10:30 a.m. |
| **OBJECT** | Write to the Court about why you don't like the McWane Settlement, the Plan of Allocation, or the Request for Expenses. (See Question 17) | Filed by J_____ |
| **EXCLUDE YOURSELF** | Get no payment from the McWane Settlement. (See Question 13) | Postmarked by _____ |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................................**4**

    1.   Why did I get this Notice? ...........................................................................................4

    2.   What is this lawsuit about? ..........................................................................................4

    3.   Who are the Defendants? ............................................................................................4

    4.   Why is this a class action? ..........................................................................................4

    5.   Why is there a Proposed Settlement with MCWANE? ................................................4

**WHO IS AFFECTED BY THE MCWANE SETTLEMENT** .......................................................**5**

    6.   How do I know if I am part of the MCWANE Settlement? .........................................5

    7.   I'm still not sure if I am included. .............................................................................5

**THE BENEFITS OF THE MCWANE SETTLEMENT** .............................................................**5**

    8.   What does the MCWANE Settlement provide? ...........................................................5

    9.   How do I get a payment? ............................................................................................5

    10.  How much will my payment be? ................................................................................6

    11.  When will I receive a payment? .................................................................................6

    12.  What am I giving up to get a payment or stay in the Settlements? .............................6

**EXCLUDING YOURSELF FROM THE MCWANE SETTLEMENT** .......................................**6**

    13.  How do I get out of the MCWANE Settlement? .........................................................7

    14.  If I exclude myself, can I receive money from the MCWANE Settlement? ................7

**THE LAWYERS REPRESENTING YOU** .................................................................................**7**

    15.  Do I have a lawyer in this case? ................................................................................7

    16.  How will the lawyers be paid? ...................................................................................7

**OBJECTING TO THE MCWANE SETTLEMENT, THE PLAN OF ALLOCATION OR THE REQUEST FOR FEES, EXPENSES, AND INCENTIVE AWARDS** ...........................................................................**8**

    17.  How do I tell the court that I don't like the MCWANE Settlement or the Plan of Allocation or the Request for fees, Expenses, or incentive awards? ................................................8

    18.  What is the difference between objecting and excluding? ...........................................9

**THE COURT'S FAIRNESS HEARING** ...................................................................................**9**

    19.  When and where will the court decide whether to approve the MCWANE Settlement? ........9

    20.  Do I have to come to the hearing? ............................................................................9

    21.  May I speak at the hearing? ......................................................................................9

**IF YOU DO NOTHING** ...........................................................................................................**10**

    22.  What happens if I do nothing at all? ........................................................................10

**GETTING MORE INFORMATION** ........................................................................................**10**

    23.  Are there more details about the MCWANE Settlement or the Plan of Allocation? ........10

    24.  How do I get more information? ..............................................................................10

**EXHIBIT 1** .............................................................................................................................**11**

## BASIC INFORMATION

### 1. WHY DID I GET THIS NOTICE?

You or your company may have purchased DIPF directly from one or more of the defendants during the period from and including January 11, 2008, up to and including December 31, 2013.

The Court has directed that this Notice be sent to you because, as a possible member of the settlement class, you have the right to know about the McWane Settlement in this class action lawsuit and about all your options before the Court decides whether to approve the McWane Settlement.

This Notice explains the lawsuit, the McWane Settlement, and your legal rights.

The Court supervising the case is the United States District Court for the District of New Jersey. The case is called *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, Civ. No. 12-711. The people who sued are the plaintiffs, and the companies they sued are called defendants. The defendant that has agreed to this proposed settlement is McWane. Earlier settlements had been reached with defendants SIGMA and Star, and those settlements have already been approved by the Court.

### 2. WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that (i) defendants entered into price-fixing agreements in the alleged market for Open-Spec DIPF in the United States in violation of the antitrust laws, (ii) McWane monopolized the alleged market for Domestic DIPF in the United States in violation of the antitrust laws, and (iii) SIGMA and McWane conspired to restrain trade and to monopolize the alleged market for Domestic DIPF in the United States in violation of the antitrust laws. The lawsuit claims that, as a result, plaintiffs paid more for Open-Spec DIPF and Domestic DIPF purchased from defendants than they otherwise would have paid.

Defendants have denied all these claims, deny any wrongdoing, and have asserted various defenses to the claims. The Court has not made any decision as to the merits of the plaintiffs' allegations.

### 3. WHO ARE THE DEFENDANTS?

The Defendants are: McWane, Inc., and its divisions, Clow Water Systems Co., Tyler Pipe Company, and Tyler Union; SIGMA Corporation and SIGMA Piping Products Corporation; and Star Pipe Products, Ltd.

### 4. WHY IS THIS A CLASS ACTION?

In a class action, one or more individuals or entities, called class representatives, sue on behalf of others who have similar claims. The class representatives in this case are the City and County of Denver; Coastal Plumbing Supply Company Inc.; GCO, Inc. f/k/a Groeniger & Co.; HI Line Supply Co. Ltd.; John Hoadley & Sons, Inc.; Mountain States Supply LLC; and Mountainland Supply LLC. An additional entity, Public Works Supply Co., Inc., served as a class representative until May 2016. Each of the current and former class representatives devoted significant time and effort to the case by collecting and searching their company documents for production to the Defendants, and responding to written interrogatories served by the Defendants. All but Public Works prepared and sat for depositions.

The class representatives and the individuals or entities with similar claims are individually class members, together comprising a class. One court resolves the settlement-related issues for all class members, except for those who exclude themselves from the settlement. U.S. District Judge Anne E. Thompson is in charge of this class action.

### 5. WHY IS THERE A PROPOSED SETTLEMENT WITH MCWANE?

McWane has denied all liability and wrongdoing in this case and has asserted various defenses to the plaintiffs' claims. The Court did not decide in favor of the plaintiffs or McWane. Instead, both sides agreed to the McWane Settlement. That way, they avoid the cost and risk of a trial, and the class members affected will get compensation. The class representatives and class counsel think the McWane Settlement is the best result for all class members.

## WHO IS AFFECTED BY THE MCWANE SETTLEMENT

To see if you are affected by the McWane Settlement, you first have to determine if you are a class member.

### 6.   HOW DO I KNOW IF I AM PART OF THE McWane SETTLEMENT?

Judge Thompson has decided that for purposes of the **McWane Settlement**, there are three settlement classes:

(1)   All persons or entities in the United States that purchased Open-Spec DIPF directly from any Defendant at any time from January 11, 2008, through September 21, 2009;

(2)   All persons or entities in the United States that purchased Domestic DIPF directly from McWane or SIGMA at any time from September 22, 2009, through December 31, 2013; and

(3)   All persons or entities in the United States that purchased Domestic DIPF directly from McWane at any time from September 22, 2009, through December 31, 2013.

Excluded from the McWane Settlement Classes are defendants and their parents, subsidiaries and affiliates, whether or not named as a defendant in this action, federal governmental entities, and instrumentalities of the federal government.

Also excluded from the McWane Settlement Classes are certain companies that have otherwise agreed to exclude themselves from the Settlement. Those excluded companies are listed on Exhibit 1 of this notice.

### 7.   I'M STILL NOT SURE IF I AM INCLUDED.

If you are still not sure if you are a class member, you can ask for free help.  See Question 24 below.

## THE BENEFITS OF THE MCWANE SETTLEMENT

### 8.   WHAT DOES THE MCWANE SETTLEMENT PROVIDE?

Under the McWane Settlement, McWane has agreed to pay $8,787,500 in cash ("the McWane Settlement Fund"). McWane has agreed to pay the Settlement Amount into an escrow account on or before December 8, 2017.

### 9.   HOW DO I GET A PAYMENT?

If you are a Settlement class member and do not exclude yourself from the Settlement, you may be eligible to receive a payment. To qualify for a payment, you must send in a Claim Form, which is enclosed with this Notice. Please read the instructions carefully.

You must fill out the Claim Form and include all the information the form asks for. Be sure to sign it, and mail it by first-class mail in the enclosed envelope postmarked no later than to the address below.

DIPF Direct Purchaser Antitrust Litigation
c/o GCG P.O. Box 10220
Dublin, OH 43017-5720

If the Court approves the Settlement (see "The Court's Fairness Hearing" below), payments from the McWane Settlement Fund will be distributed at a later date to members of each class who submit valid and timely claims. In the interim you should maintain all of your records of purchases of DIPF from defendants during the period January 11, 2008 through December 31, 2013.

There are specialized companies that may offer to fill out and file your claim in return for a percentage of the value of your claim. The Court has not authorized any of these companies to contact you. Before you sign a contract with one of these companies, you should examine the claim-filing process provided here and decide whether using a specialized company is worth the cost.  You can always seek help free of charge from the Claims Administrator or Class Counsel.

### 10.   HOW MUCH WILL MY PAYMENT BE?

Class Counsel has proposed a Plan of Allocation describing the division of the McWane Settlement Fund among class members.

Under the Plan of Allocation, part of the McWane Settlement Fund will be used to pay attorneys' fees and expenses approved by the Court, as well as incentive awards for each of the current and former class representatives, whose participation and contribution to the case is described in Question 4 above. The remaining amounts (the "Net McWane Settlement Fund") will be distributed to class members that submit valid and timely claims.

The Net McWane Settlement Fund will be distributed on a pro rata basis among all members of the McWane Classes who submit valid and timely claim forms for purchases of Open-Spec DIPF from January 11, 2008, through September 21, 2009, from SIGMA, McWane, or Star and for purchases of Domestic DIPF from September 22, 2009, through December 31, 2013 from SIGMA or McWane. In other words, each McWane Settlement class member shall be paid a percentage of the Net McWane Settlement Fund that each class member's recognized claim bears to the total of all recognized claims submitted by all McWane Settlement class members who file claims.

As further described below, if a class member excludes itself from the McWane Settlement Class, it will not be able to share in the distribution from the net settlement fund for the settlement from which the class member elects to be excluded.

If you wish to object to the Plan of Allocation, you must file your objection by _____ as described in Question 17 below.

### 11.   WHEN WILL I RECEIVE A PAYMENT?

The McWane Settlement Fund will be distributed to class members at a later time after the claim forms are distributed and processed by a Claims Administrator and the Court has authorized distribution.

### 12.   WHAT AM I GIVING UP TO GET A PAYMENT OR STAY IN THE SETTLEMENTS?

Unless you exclude yourself or have already excluded yourself from the McWane Settlement, you are staying in the Settlement, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against McWane about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

In exchange for the consideration provided, the Settlement Agreement provides that there will be a release of claims against McWane and the Releasees (as defined in ¶ 29 of the McWane Settlement Agreement). The McWane Settlement Agreement, however, does not release any Claims relating to indirect purchases of DIPF, any claims based upon purchases of DIPF brought by the State of Indiana, or claims relating to DIPF arising in the ordinary course of business for any product defect, product performance, or breach of warranty or for breach of contract based on product defect, product performance, or warranty, relating to DIPF. The Settlement Agreement with McWane provides the specific and full terms of the releases as to McWane, but broadly the Agreement completely releases, acquits, and forever discharges McWane and the Releasees from any and all other claims arising at any time prior to the Execution Date of the Settlement Agreement under antitrust, unfair competition, or similar laws relating to the supply, pricing, marketing, distribution, and sale of DIPF.

The McWane Settlement Agreement, which is available at www.DIPFDirectSettlement.com, more fully describes the legal claims that you give up if you stay in the class.

## EXCLUDING YOURSELF FROM THE MCWANE SETTLEMENT

If you want to keep the right whether to sue or continue to sue McWane on your own about the legal issues being resolved in this case, then you must take steps to get out of the McWane Settlement. This is called excluding yourself—or sometimes referenced as "opting out." If you opt out of the McWane Settlement, you will not receive any payment from the Net McWane Settlement Fund.

### 13.   HOW DO I GET OUT OF THE MCWANE SETTLEMENT?

To exclude yourself from the McWane Settlement, you must send a letter saying that you want to be excluded from the settlement. The letter must include the following information:

- A statement indicating that you want to be excluded from the McWane Settlement.

- The case name: In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation, Civ. No. 12-711 (D.N.J.).

- Your name, address, telephone number, and your signature.

- All trade names or business names and all addresses (including any addresses that have received shipments of DIPF from defendants) you or your business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the class.

Your letter must be postmarked by _____ and sent to:

> DIPF Direct Purchaser Antitrust
> Litigation c/o GCG
> PO Box 10220
> Dublin, OH 43017-5720
> Phone: 1-888-298-6316
> www.DIPFDirectSettlement.com

**If you ask to be excluded from the McWane Settlement you will not get any payment** from the Net McWane Settlement Fund **and you cannot object to the McWane Settlement.**

Unless you exclude yourself, if the McWane Settlement is approved by the Court, you give up any right to sue McWane for the claims that the McWane Settlement resolves. If you have a pending lawsuit against McWane involving the same legal issues in this case, speak to your lawyer in that case immediately. (You must exclude yourself from the class in order to continue your own lawsuit against McWane.)

### 14.   IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY FROM THE MCWANE SETTLEMENT?

No. If you decide to exclude yourself from the McWane Settlement, you will not be able to receive money from the Settlement.

## THE LAWYERS REPRESENTING YOU

### 15.   DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court has appointed Robert N. Kaplan of Kaplan Fox & Kilsheimer LLP and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC ("Class Counsel") to represent the class on an interim basis and for purposes of the McWane Settlement. If you want to be represented by your own lawyer and have that lawyer appear in court for you concerning the McWane Settlement, you may hire one at your own expense.

### 16.   HOW WILL THE LAWYERS BE PAID?

You are not personally responsible for payment of attorneys' fees or expenses for Class Counsel. At this time, Class Counsel will ask the Court to approve from the McWane Settlement Fund an award of up to $2,929,166.67 (one-third of the total amount of the McWane Settlement) for attorneys's fees, in addition to reimbursement from the McWane Settlement Fund, not to exceed $1,200,000.00, for Class Counsel's out-of-pocket costs and expenses incurred in the prosecution of the lawsuit. Class Counsel will also seek incentive awards of no more than $15,000.00 for each of the eight entities who served as proposed class representatives while the case was pending (whose role and contribution to the case is described in Question 4, above).

## OBJECTING TO THE McWANE SETTLEMENT, THE PLAN OF ALLOCATION OR THE REQUEST FOR FEES, EXPENSES, AND INCENTIVE AWARDS

You can tell the Court that you don't agree with the McWane Settlement, or the Plan of Allocation, or the Request for Fees, Expenses, and Incentive Awards.

| 17. | HOW DO I TELL THE COURT THAT I DON'T LIKE THE McWANE SETTLEMENT OR THE PLAN OF ALLOCATION OR THE REQUEST FOR FEES, EXPENSES, OR INCENTIVE AWARDS? |
|-----|---|

You can object to the McWane Settlement if you are a member of an appropriate settlement class or settlement classes and have not opted out of that settlement class. You can object if you do not like any part of the McWane Settlement, or if you disagree with the Plan of Allocation or the Request for Fees, Expenses or Incentive Awards. You can give reasons for your objections. The Court will consider your views, but the Settlement may still be approved in spite of your objections.

To object, you must send a letter to the Court that includes the following:

- A statement indicating that you object to the McWane Settlement, or the Plan of Allocation or the Request for Fees, Expenses, or Incentive Awards, in In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation, Civ. No. 12-711 (D.N.J.).

- Your name, address, telephone number, and your signature.

- The reasons you object.

- Proof of your membership in the settlement class, such as invoices showing that you satisfy the definition

in Question 6. You must file the objection with the Court at the following address by _____:

Clerk of Court

United States District Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608

You must also mail copies of the objections to the following attorneys by_____:

| Counsel for the Direct Purchaser Plaintiffs and the Settlement Classes | |
|---|---|
| Kit A. Pierson<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue, NW<br>Suite 500 West<br>Washington, DC 20005 | Robert N. Kaplan<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue, 14th Floor<br>New York, New York 10022 |
| Counsel for Defendants McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union | |
| Joseph A. Ostoyich<br>William C. Lavery<br>Jana I. Seidl<br>**BAKER BOTTS LLP**<br>1299 Pennsylvania Ave. NW<br>Washington, DC 20004<br>Tel: 202-639-7905<br>joseph.ostoyich@bakerbotts.com<br>Jana.Seidl@bakerbotts.com<br>william.lavery@bakerbotts.com | |

QUESTIONS?  CALL TOLL-FREE 1-888-298-6316

8

**18.   WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?**

Objecting is simply telling the Court that you do not like something about the McWane Settlement, or about the Plan of Allocation, or about the Request for Fees, Expenses, and Incentive Awards. You can object to the McWane Settlement only if you stay in the Settlement Classes. Excluding means that you are removing yourself from the Settlement Classes and will have no right to proceeds from the Settlement from which you exclude yourself.  If you exclude yourself from the McWane Settlement, you also have no right to object as to the Settlement because that Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the McWane Settlement, the Plan of Allocation, and the Request for Fees, Expenses, and Incentive Awards. You may, but need not, attend the hearing. If you do attend you may ask the Court's permission to speak (see Question 21 for instructions), but you do not have to participate in the hearing if you do attend.

**19.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE MCWANE SETTLEMENT?**

The Court will hold a Fairness Hearing at _____ on _____, at the United States District Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608. The hearing may be moved to a different date or time without additional notice, so you should check the settlement website www.DIPFDirectSettlement.com before making travel plans. At the Fairness Hearing, the Court will consider whether the McWane Settlement is fair, reasonable, and adequate and whether to approve the Plan of Allocation and the Request for Fees, Expenses, and Incentive Awards. Judge Thompson will listen to class members who have asked to speak at the hearing. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the McWane Settlement, the Plan of Allocation, and the Request for Fess, Expenses, and Incentive Awards.  We do not know how long a decision will take to be made.

**20.   DO I HAVE TO COME TO THE HEARING?**

No.  Class Counsel will be prepared to answer any questions the Court may have at the hearing.  However, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to court to explain. As long as you mailed your written objection on time as set out in this Notice, the Court will consider it. You may also pay another lawyer to attend, but it is not required.

**21.   MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing. If you wish to do so, you are encouraged to send a letter stating the following:

- "Notice of Intention to Appear in *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, Civ. No. 12-711 (D.N.J.)."

- The position you will take and your reasons.

- Your name, address, telephone number, and your signature.

- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must be filed with the Court at the following address by _____:

Clerk of Court

United States District Court
for the District of New Jersey
402 East State Street
Trenton, NJ 08608

QUESTIONS?  CALL TOLL-FREE 1-888-298-6316

9

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 17 above, so they are received no later than _____.

## IF YOU DO NOTHING

### 22.  WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will remain in the classes for the McWane Settlement. If you remain in the classes, to qualify for a payment you must send in a Claim Form, which is enclosed with this Notice. See the discussion under Question 9 above for further information.

## GETTING MORE INFORMATION

### 23.  ARE THERE MORE DETAILS ABOUT THE MCWANE SETTLEMENT OR THE PLAN OF ALLOCATION?

This Notice summarizes the McWane Settlement. More details are in the McWane Settlement Agreement. You can get copies of the Settlement Agreement by visiting www.DIPFDirectSettlement.com.

Class counsel will file a motion for final approval of the McWane Settlement, the Plan of Allocation and the Request for Fees, Expenses, and Incentive Awards which will contain additional information. These papers are currently due to be filed by _____ and will be available at www.DIPFDirectSettlement.com.

### 24.  HOW DO I GET MORE INFORMATION?

If you have questions or want more information, you may visit the official settlement website at www.DIPFDirectSettlement.com, contact the Claims Administrator toll-free at 1-888-298-6316, or write to either of the following counsel for Plaintiffs:

| Kit A. Pierson<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue, NW<br>Suite 500 West<br>Washington, DC 20005 | Robert N. Kaplan<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue, 14th Floor<br>New York, New York 10022 |
|---|---|

DATED: _____, 2017

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**Exhibit 1**
Known Opt-Outs, Inclusive of Their Subsidiaries, Divisions, and Affiliates:

1. A & B Pipe & Supply Inc.
2. Act Pipe & Supply, Inc.
3. Aguaworks Pipe & Supply LLC
4. Atlas Utility Supply Company
5. Baker Utility Supply Corp.
6. Blair Supply Corp.
7. Brent Material Company
8. C&B Piping, Inc.
9. CI Thornburg Co., Inc.
10. Consolidated Pipe & Supply Co., Inc.
11. Consolidated Supply Co.
12. Corix Water Products (Us) Inc.
13. Custom Fab, Inc.
14. Dana Kepner Company, Inc.
15. EJ USA, Inc.
16. Everett J. Prescott, Inc.
17. Etna Supply
18. Ferguson Enterprises, Inc.
19. First Supply LLC
20. Fortiline Water Works
21. G&C Supply Co., Inc.
22. Hayes Pipe Supply, Inc.
23. H.D. Fowler Company, Inc.
24. H.D. Supply Waterworks, Ltd.
25. Illinois Meter, Inc.
26. Isi Hawaii Water Solutions
27. J&R Supply Inc.
28. Kendall Supply, Inc.
29. LB Water Inc.
30. Mid American Water
31. Midwest Municipal Supply, Inc.
32. Minnesota Pipe & Equipment
33. Municipal Supply
34. National Road Utility Supply, Inc.
35. Northwest Pipe Montana
36. Pace Supply Corp.
37. Pioneer Supply
38. Pipelines Inc.
39. R&B Company
40. Southern Utility Supply
41. T. Mina Supply, Inc.
42. Texas Water Products, Inc.
43. Trumbull Industries, Inc.
44. Underground Pipe & Valve Co.
45. United States Pipe and Foundry Company
46. USP Holdings, Inc.
47. Us Pipe Fabrication, LLC
48. Utility Equipment Company
49. Utility Pipe Sales Co., Inc.
50. Viking Supply
51. Western Water Works Supply Company
52. Winwholesale Inc.
53. Zimmer & Francescon Inc.

# Exhibit 2

<table>
<tr><td>

**MUST BE
POSTMARKED ON
OR BEFORE
XXXXX XX, 201X**

</td><td>

**DIPF Direct Purchaser Antitrust Litigation
c/o GCG
P.O. Box 10220
Dublin, OH 43017-5720
Toll-Free: 1 (888) 298-6316
www.DIPFDirectSettlement.com**

</td><td>

**DP1** 

Control No: 1234567890
Claim No:

</td></tr>
</table>

DP11234567890



JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA  67890

### CLAIM FORM FOR SETTLEMENT WITH
### DEFENDANT McWANE

If you believe you qualify as a member of the Settlement Class, as defined below, you must submit a timely and valid Settlement Claim Form ("Claim Form") by first-class mail postmarked by _____, 201_, to the address below for you to receive any payment as a result of the Settlement with McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (collectively, "McWane" or "Settling Defendant") in the lawsuit *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation.*

DIPF Direct Purchaser Antitrust Settlement
(Direct Purchasers)
c/o GCG
P.O. Box 10220
Dublin, OH 43017-5720

### GENERAL
### INSTRUCTIONS

This Claim Form relates to the proposed settlement with McWane, the last remaining defendant in *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation,* Civ. No. 12-711 (AET)(LHG), pending in the United States District Court for the District of New Jersey.

**The McWane Settlement** has three classes: (1) All persons or entities in the United States that purchased Open-Spec DIPF directly from any Defendant at any time from January 11, 2008, through September 21, 2009; (2) All persons or entities in the United States that purchased Domestic DIPF directly from McWane or SIGMA at any time from September 22, 2009, through December 31, 2013; and (3) All persons or entities in the United States that purchased Domestic DIPF directly from McWane at any time from September 22, 2009, through December 31, 2013. Excluded from the classes are persons or entities that previously agreed with McWane to either: (i) release their claims against McWane; or (ii) opt-out of any litigation or settlement class certified in the Action.

DIPF are items used to join ductile iron pipes, valves, and hydrants within water systems as well as to change, divide, or direct the flow of water. Domestic DIPF means DIPF that is produced in the United States for domestic-only specifications. "Open-Spec DIPF" means DIPF that is sold for use in waterworks projects without domestic-only specifications.

Please fill out this form completely and accurately. Do not file a claim if you are an indirect purchaser, as defined below, or if you have opted out or excluded yourself from the classes.

Please also note there are specialized companies that may offer to fill out and file your claim in return for a percentage of the value of your claim. The Court has not authorized any of these companies to contact you. Before you sign a contract with one of these companies, you should examine the claim filing process provided in the accompanying Notice and decide whether using a specialized company is worth the cost. You can always seek help from the Claims Administrator or Class Counsel without charge.

QUESTIONS? CALL TOLL-FREE 1 (888) 298-6316
To view GCG's Privacy Notice, please visit www.ChooseGCG.com/privacy-notice

 

## SECTION A: CLAIMANT INFORMATION

**Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Name of the person you would like the Claims Administrator to contact regarding this claim** (if different from the Claimant Name(s) listed above):

**CURRENT CONTACT INFORMATION:**
The Claims Administrator will use this information for all communications relevant to this claim (including the check, if eligible for payment).

**Street Address:**

**City:**                                                    **State:**     **ZIP:**

**Daytime Telephone Number:**                    **Evening Telephone Number:**

(         )          -                                (         )          -

**Email Address:**

By providing your email contact information, you are hereby consenting to communications from the Claims Administrator via email.

**ADDITIONAL NAME AND ADDRESS INFORMATION:**
Please provide any other company names and billing addresses linked to the purchase transactions listed in Section C. Please attach additional pages, if needed.

**Purchaser Name(s):**

**Street Address:**

**City:**                                                    **State:**     **ZIP:**

## SECTION B: SETTLEMENT CLASS

The proposed McWane Settlement is for the benefit of **direct** DIPF purchasers only, that is, individuals or entities in the United States who bought DIPF directly from SIGMA, Star or McWane (McWane includes McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union) and not those who purchased DIPF from any other company.

 

### SECTION C: PURCHASE INFORMATION

Complete this section only if you are a member of the Settlement Classes. Please attach additional pages if needed. You must provide all requested information or your claim may be rejected.

- First, separately list below the totals by time period of *only* your purchases of Open-Spec DIPF made directly from McWane, SIGMA or Star from January 11, 2008, through September 21, 2009. Purchases from companies other than McWane, SIGMA or Star are not eligible to be considered for claims purposes.

- Second, separately list below the totals by time period of *only* your purchases of <u>Domestic</u> DIPF made directly from McWane or SIGMA from September 22, 2009, through December 31, 2013. Purchases from companies other than McWane or Star SIGMA are not eligible to be considered for claims purposes.

- The yearly totals must be in U.S. dollars and reflect the net amount paid after deducting any discounts, rebates, taxes, freight charges and delivery charges.

### I.   Open-Spec DIPF Purchases

| McWane Purchases | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and December 31, 2008) | $ . |
| | 2009 | (only include purchases between January 1, 2009 and September 21, 2009) | $ . |

| SIGMA Purchases | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and December 31, 2008) | $ . |
| | 2009 | (only include purchases between January 1, 2009 and September 21, 2009) | $ . |

| Star Purchases | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and December 31, 2008) | $ . |
| | 2009 | (only include purchases between January 1, 2009 and September 21, 2009) | $ . |




## II. Domestic DIPF Purchases Only

| McWane Purchases | Year | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|
| | 2009 (only include purchases between September 22, 2009 and December 31, 2009) | $ _____ . __ |
| | 2010 | $ _____ . __ |
| | 2011 | $ _____ . __ |
| | 2012 | $ _____ . __ |
| | 2013 | $ _____ . __ |

| SIGMA Purchases | Year | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|
| | 2009 (only include purchases between September 22, 2009 and December 31, 2009) | $ _____ . __ |
| | 2010 | $ _____ . __ |
| | 2011 | $ _____ . __ |
| | 2012 | $ _____ . __ |
| | 2013 | $ _____ . __ |

### SECTION D: SUBMISSION TO JURISDICTION OF THE COURT

By signing below, you are submitting to the jurisdiction of the United States District Court for the District of New Jersey if questions concerning your claim in the McWane Settlement need to be resolved.

### SECTION E: QUESTIONS

If you have questions or want more information, you can visit the official settlement website at www.DIPFDirectSettlement.com; contact the Claims Administrator toll-free at (888) 298-6316; or write to any of the following counsel for Plaintiffs:

Kit A. Pierson
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW
Suite 500 West
Washington, DC 20005

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022

 

## SECTION F: SUBSTITUTE IRS FORM W-9

Please complete the Substitute IRS Form W-9 below so that pertinent tax reporting may be completed for any Settlement award you may receive.

**Substitute IRS Form W-9**

Enter the Class Member's federal taxpayer identification number:

|   |   |   | - |   |   | - |   |   |   | **OR** |   |   | - |   |   |   |   |   |   |   |

Social Security Number (for individuals)          Employer Identification Number (for corporations, trusts, etc.)

**Print Class Member name:**

Under penalty of perjury, I certify that:

1. The taxpayer identification number shown on this form is the taxpayer identification number of the named Class Member, and

2. Class Member is not subject to backup withholding because: (a) Class Member is exempt from backup withholding, or (b) Class Member has not been notified by the Internal Revenue Service (IRS) that claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified Class Member that Class Member is no longer subject to backup withholding.

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

## SECTION G: CERTIFICATION

**I hereby certify under penalty of perjury that:**

1. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information and belief;
2. I have documentation to support my claim and agree to provide additional information to the Claims Administrator to support my claim if necessary;
3. I am authorized to submit this Claim Form on behalf of the member of the Settlement Class named above;
4. I am not a defendant or a parent, employee, subsidiary, affiliate or co-conspirator of a defendant;
5. This Claim Form was not filed on behalf of a government entity or agency;
6. I have not assigned or transferred (or purported to assign or transfer) or submitted any other claim for the same purchases of DIPF and have not authorized any person or entity to do so on my behalf; and
7. I have read and, by signing below, agree to all of the terms and conditions set forth in this Claim Form.

**Signature:**                                                            **Date:**

|   |   | / |   |   | / |   |   |   |   |

THIS PAGE INTENTIONALLY LEFT BLANK

**Exhibit 3**

## If You Directly Purchased Ductile Iron Pipe Fittings between January 11, 2008 and December 31, 2013, You Could Be Affected by a Proposed Class Action Settlement

*Please read the entire Notice carefully. These Settlements may affect your rights.*

### What is this lawsuit about?

There is a Proposed Settlement, in a class action lawsuit called *In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litigation*, which is pending in the United States District Court for the District of New Jersey. The defendants in this lawsuit are McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (collectively "McWane"); SIGMA Corporation and its subsidiary SIGMA Piping Products Corporation (together, "SIGMA"); and Star Pipe Products, Ltd. ("Star").

The McWane settlement is in addition to two earlier settlements with defendants SIGMA and Star.

This lawsuit alleges that from January 11, 2008 through September 21, 2009, defendants engaged in a conspiracy to fix prices for DIPF in the United States in violation of the antitrust laws. Plaintiffs also claim that from September 22, 2009 through December 31, 2013, defendant McWane illegally monopolized, and defendants SIGMA and McWane conspired to restrain trade and monopolize, the market for Domestic DIPF in the United States in violation of the antitrust laws. Defendants deny all of plaintiffs' allegations.

### Am I a Class Member?

The McWane Settlement has three classes: (1) All persons or entities in the United States that purchased Open-Spec DIPF directly from any Defendant at any time from January 11, 2008, through September 21, 2009; (2) All persons or entities in the United States that purchased Domestic DIPF directly from McWane or SIGMA at any time from September 22, 2009, through December 31, 2013; and (3) All persons or entities in the United States that purchased Domestic DIPF directly from McWane at any time from September 22, 2009, through December 31, 2013.

Excluded from the McWane Settlement Classes are certain companies that have otherwise agreed to exclude themselves from the Settlement.

Full descriptions of DIPFs and a list of excluded entities are available at www.DIPFDirectSettlement.com.

### What does the Settlement provide and how do I get a payment?

Under the McWane Settlement, McWane has agreed to pay $8,787,500. If you are a Settlement Class Member, you may be eligible to receive payment from the Settlement. To qualify for payment, you must complete and send in a valid Claim Form, available at www.DIPFDirectSettlement.com. Be sure to sign the Claim Form and mail it by first-class mail postmarked no later than Month ___, 201_ to DIPF Direct Purchaser Antitrust Settlement, c/o GCG, P.O. Box 10220, Dublin, OH 43017-5720.

If the Court approves the McWane Settlement, the Net Settlement Fund will be distributed on a pro rata basis among all Settlement Class Members who submit valid and timely Claim Forms.

There are specialized companies that may offer to fill out and file your claim in return for a percentage of the value of your claim. The Court has not authorized any of these companies to contact you. Before you contract with one of these companies, you can always seek help from the Claims Administrator or Class Counsel in filing your Claim.

### Can I Exclude Myself?

If you want to keep the right to sue or continue to sue McWane about the legal issues in this case, then you must exclude yourself from the Settlement Classes. If you exclude yourself from the Settlement Classes, you will not get any payment from the Settlement.

To exclude yourself, you must send a letter saying that you want to be excluded. Important instructions about how to exclude yourself can be obtained from www.DIPFDirectSettlement.com. Your letter must be postmarked by Month ___, 201_.

### How Do I Object?

You can object to the Settlement if you are a Settlement Class Member and have not excluded yourself.

To object, you must send a letter to the Court. Instructions about how to object may be obtained from www.DIPFDirectSettlement.com. Your letter must be postmarked by _____, 201_.

### What if I do nothing?

If you do nothing, you will not receive payment, you will remain in the Classes for the McWane Settlement, and you will be bound by the Releases regarding claims in this matter. The only way to qualify for a payment from the Settlement is to send in a Claim Form.

### Who Represents Me?

The Court has appointed Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC and Robert N. Kaplan of Kaplan Fox & Kilsheimer LLP to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

These lawyers will ask the Court to approve an award of attorneys' fee in an amount up to $2,929,166.67 (one-third of the total amount of the McWane Settlement), and reimbursement for costs and expenses in an amount not to exceed $1,200,000.00, and incentive awards of up to $15,000 for each of the eight class representatives. The request for attorneys' fees, expenses, and incentive awards will be available for viewing on the website below once it is filed with the Court.

### When will the Judge decide?

The Court will hold a Fairness Hearing to decide whether to approve the terms of the McWane Settlement at [Time] a.m. on Month ___, 201_, at the United States District Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608. You may appear at the hearing, but you are not required to do so. The hearing may be moved to a different date or time without notice. You should check the Settlement Website below for updates.

This Notice is only a summary. For more information visit the website below or call 1 (888) 298-6316.

www.DIPFDirectSettlement.com

## MECHANICAL SPECIFICATIONS

| File Name: DIPF_Direct_Summary Notice Master.indd | Body Copy Font Size/Leading: 8/9 |
|---|---|
| Publication: Wall Street Journal | Total Word Count: 981 |
| Ad Unit: 5.35" x 9" | Create Date/Time: 11/28/17 @ 4:15 PM PT |
| Headline Font: Calibri | Operator: TOC |
| Headline Font Size/Leading: 12/13 | Last Edit Time: |
| Body Copy: Times Lt Std | Operator: |