RECEIVED
MAY 10 2018
AT 8:30_____
WILLIAM T. WALSH   M
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711 (AET)(LHG) |

## ORDER APPROVING SETTLEMENT AGREEMENT WITH MCWANE, INC. AND ITS DIVISIONS CLOW WATER SYSTEMS CO., TYLER PIPE COMPANY, AND TYLER UNION AND ENTERING FINAL JUDGMENT

Direct Purchaser Plaintiffs ("DPPs") and Defendant McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (collectively, "McWane") entered into a Settlement Agreement to fully and finally resolve the claims of the Settlement Classes against McWane. On January 10, 2018, the Court entered its Order granting preliminary approval of the proposed settlement between DPPs and McWane ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized DPPs to disseminate notice of the settlement, the fairness hearing, and related matters to the Settlement Classes. Notice was provided to the Classes pursuant to the Preliminary Approval Order, and notice

also was provided by McWane in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Court held a fairness hearing on May 10, 2018.

Having considered Plaintiffs' Motion For DPPs' Motion for Final Approval of Settlement with McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union; any objections filed of record; oral argument presented at the fairness hearing; and the complete record and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action).

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the McWane Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the DPPs would provide the Settlement Classes with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Settlement Classes who could be identified through reasonable effort, as well as extensive publication of a summary notice. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and

constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

4. The Court hereby approves the plan of allocation of the Settlement Fund as described in response to Question 10 of the Class notice.

5. McWane has adequately complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 715.

6. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions, and with the assistance of well-qualified mediators.

7. Final approval of the Settlement Agreement with McWane is granted pursuant to Fed. R. Civ. P. 23(e), because the Settlement Agreement is "fair, reasonable and adequate" to the Settlement Classes. In reaching this conclusion, the Court considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

8. The Preliminary Approval Order certified the following Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> a. The Price-Fixing Class: All persons or entities in the United States that purchased Open-Spec DIPF directly from any Defendant at any time from January 11, 2008, through September 21, 2009.

3

 b. The Monopolization Class: All persons or entities in the United States that purchased Domestic DIPF directly from McWane from September 22, 2009, through December 31, 2013.

 c. The McWane/Sigma Conspiracy Class: All persons or entities in the United States that purchased Domestic DIPF directly from McWane or Sigma from September 22, 2009, through December 31, 2013.

Excluded from the Settlement Classes are the Known Opt-Outs, the Defendants and their parents, subsidiaries and affiliates (whether or not named as a Defendant in this Action), federal governmental entities, and instrumentalities of the federal government. "Known Opt-Outs" means the entities listed on Exhibit A of this Order and the Settlement Agreement, who, as of the Execution Date, have previously agreed with McWane to either: (i) release their claims against McWane; or (ii) opt-out of any litigation or settlement class certified in the Action. Known Opt-Outs are not included in the Settlement Classes and shall not participate in the settlement.

 9. The persons and entities identified in Exhibit B, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Classes and are hereby excluded from the Settlement Classes, are not bound by this Order and Final Judgment, and may not make any claim against or receive any benefit from the Settlement, whether monetary or otherwise. Said excluded persons may not pursue any Released Claims on behalf of those who are bound by this Order and Final Judgment. Each member of the Settlement Classes not

appearing in Exhibit B is bound by this Order and Final Judgment, and will remain forever bound.

10. As to McWane and other Releasees, any and all class action lawsuits currently pending before this Court by DPPs and members of the Settlement Classes that are directly related to the subject matter of this litigation are dismissed with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs. This dismissal shall not affect, in any way, DPPs' and class members' right to pursue claims, if any, outside the scope of the Release set out in Paragraphs 29-32 of the Settlement Agreement.

11. The Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraphs 29-32 of the Settlement Agreement against any Releasee, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located.

12. The Releasors remise, release, forever discharge, and covenant not to sue the Releasees from and for Claims as set forth in Paragraphs 29-32 of the Settlement Agreement.

13. DPPs and their directors, officers, employees, and counsel are hereby

released from any claim by McWane and the Releasees relating to the institution or prosecution of the Action.

16. This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Settlement Classes against other persons or entities other than the Releasees, and all rights against any other non-released person or entity are specifically reserved.

17. Neither the Settlement Agreement, nor this Order and Final Judgment, nor any other papers relating to the Settlement Agreement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a) offered or received against any Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Releasee of the truth of any fact alleged by DPPs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Releasee; or

(b) offered or received against any Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Releasee.

18. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Actions and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

19. The escrow account established by the parties is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

20. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal forthwith as to the Releasees.

**IT IS SO ORDERED.**

Dated: May 10, 2018

HON. ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

# Exhibit A

## Known Opt-Outs, Inclusive of Their Subsidiaries, Divisions, and Affiliates

1. A&B Pipe & Supply, Inc.
2. Act Pipe & Supply, Inc.
3. Aguaworks Pipe & Supply LLC
4. Atlas Utility Supply Company
5. Baker Utility Supply Corp.
6. Blair Supply Corp.
7. Brent Material Company
8. C&B Piping Inc.
9. CI Thornburg Co., Inc.
10. Consolidated Pipe & Supply Co., Inc.
11. Consolidated Supply Co.
12. Corix Water Products (Us) Inc.
13. Custom Fab, Inc.
14. Dana Kepner Company, Inc.
15. EJ USA, Inc.
16. Everett J. Prescott, Inc.
17. Etna Supply
18. Ferguson Enterprises, Inc.
19. First Supply LLC
20. Fortiline Water Works
21. G&C Supply Co., Inc.
22. Hayes Pipe Supply, Inc.
23. H.D. Fowler Company, Inc.
24. H.D. Supply Waterworks, Inc.
25. Illinois Meter, Inc.
26. Isi Hawaii Water Solutions
27. J&R Supply, Inc.
28. Kendall Supply, Inc.
29. LB Water Inc.
30. Mid American Water
31. Midwest Municipal Supply, Inc.
32. Minnesota Pipe & Equipment
33. Municipal Supply
34. National Road Utility Supply, Inc.
35. Northwest Pipe Montana
36. Pace Supply Corp.
37. Pioneer Supply
38. Pipelines Inc.
39. R&B Company
40. Southern Utility Supply
41. T. Mina Supply, Inc.
42. Texas Water Products, Inc.
43. Trumbull Industries, Inc.
44. Underground Pipe & Valve Co.
45. United States Pipe and Foundry Company
46. USP Holdings, Inc.
47. Us Pipe Fabrication, LLC
48. Utility Equipment Company
49. Utility Pipe Sales Co., Inc.
50. Viking Supply
51. Western Water Works Supply Company
52. Winwholesale Inc.
53. Zimmer & Francescon Inc.

# Exhibit B

## DIPF Direct Purchaser Antitrust Litigation
## McWane Exclusion Requests

| GCG Id | Name | City | State |
|---|---|---|---|
| 1005978 | WATER PRODUCTS INC | BLOOMINGTON | IL |
| 1005977 | WATER PRODUCTS INC | AURORA | IL |