NOT FOR PUBLICATION

RECEIVED

MAY 10 2018

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-711 (AET)(LHG) |

THOMPSON, U.S.D.J.

**ORDER APPROVING (1) AWARD OF ATTORNEYS' FEES,
(2) REIMBURSEMENT OF EXPENSES, AND (3) INCENTIVE AWARDS**

**THIS MATTER,** having come before the Court on Direct Purchaser Plaintiffs' ("DPPs") Motion for Attorneys' Fees, Expenses, and Incentive Awards, filed on April 10, 2018;

And the Court having reviewed the motion and its accompanying memorandum, supporting declarations, and the file;

And the Court having separately granted final approval to a settlement entered between DPPs and McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (the "McWane Settlement");

And good cause having been shown;

**IT IS ON THIS 10th DAY OF MAY, 2018, HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement.

2. The notice adequately and reasonably afforded Settlement Class members the opportunity to object to the proposed request for an award of attorneys' fees; reimbursement of litigation costs and expenses; and incentive awards to the proposed class representatives.

3. The McWane Settlement confers a substantial benefit on the direct purchaser Settlement Classes.

4. Interim Co-Lead Counsel have submitted a declaration in connection with this motion that adequately documents their vigorous and effective pursuit of DPPs' claims before this Court, including, among other things: (i) a thorough investigation of potential claims against McWane and its former co-defendants; (ii) development, review, and analysis of a massive discovery record, which included approximately 567,000 documents produced by defendants; (iii) 14 depositions of defendants and non-parties; (iv) research and drafting a consolidated amended complaint and second consolidated amended complaint, each of which was upheld by this Court in its entirety after substantial briefing and oral argument; (v) effective pursuit of discovery through several successful motions to compel and the successful resistance by DPPs of certain discovery demands pursued by the defendants against the proposed class representatives; (vi) defeat of an effort to exclude proposed class members from any class against McWane prior to certification based on an alleged arbitration clause; (vii) working with an expert

economist and marshalling of a substantial discovery record to support a motion for class certification and to resist an effort to exclude the expert's opinions; (viii) appearances before the Court in person and by telephone for numerous motion hearings and status conferences; (ix) eventually successful mediations before well-qualified mediators; and (x) negotiation of the terms of the Settlement Agreement.

5. In granting Interim Co-Lead Counsel's request for an award of attorneys' fees, I have considered the factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000): (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by DPPs' counsel; and (7) the awards in similar cases.

6. The Court finds that the requested fee of one-third of the total amount of the McWane Settlement is fair and reasonable and within the range of fees ordinarily awarded in this district and throughout the Third Circuit. The Court, therefore, grants Interim Co-Lead Counsel attorneys' fees in the amount of $2,929,166.67. Interim Co-Lead Counsel is hereby authorized to allocate the fee award by the Court among all other counsel who rendered professional services on behalf of the DPP classes in a

manner which, in Interim Co-Lead Counsel's opinion, fairly reflects the benefit of the services rendered.

7. The Court also grants Interim Co-Lead Counsel reimbursement of litigation costs and expenses of $1,181,667.59 to be distributed to the firms that incurred such expenses. The Court finds that these expenses were necessary, reasonable, and proper in the pursuit of this litigation.

8. The current and former proposed class representatives were extensively involved in this case and devoted substantial time and energy to their duties, including working with counsel to understand the workings of the DIPF market; collecting relevant documents; responding to interrogatories; and preparing and sitting for depositions. The Court therefore grants incentive awards of $15,000 each to eight current and former named plaintiffs: City and County of Denver; Coastal Plumbing Supply Company Inc.; GCO, Inc. f/k/a Groeniger & Co.; Hi Line Supply Co. Ltd.; John Hoadley & Sons, Inc.; Mountain States Supply LLC; Mountainland Supply LLC; and Public Works Supply Co., Inc., payable from the Settlement Fund, for their efforts in discovery and their role in bringing about this recovery on behalf of the Settlement Classes.

*/s/ Anne E. Thompson*
HON. ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

4